IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **TRUSTEES OF FLINT AREA SHEET METAL WORKERS' LOCAL 7-4 PENSION PLAN** <br> 700 TOWER DRIVE, SUITE 300 <br> TROY, MI 48098, <br><br> and <br><br> **TRUSTEES OF FLINT AREA SHEET METAL WORKERS' LOCAL 7-4 HEALTH CARE FUND** <br> 700 TOWER DRIVE, SUITE 300 <br> TROY, MI 48098, <br><br> Plaintiffs, <br> vs. <br><br> **JLK MECHANICAL, LLC** <br> 7466 GROVE STREET <br> SWARTZ CREEK, MI 48473, <br><br> Defendant. <br><br> **SERVE ON:** <br><br> **Jamie Lynne Kittle, Statutory Agent** <br> 7466 Grove Street <br> Swartz Creek, MI 48473 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **CASE NO.** <br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** |

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction over suits against an employer for failing to make required contributions to employee benefits funds is conferred upon this Court by Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. This action also arises under Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a), giving jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

2.      Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the cause of action described herein is currently being committed within the jurisdiction of the U.S. District Court for the Eastern District of Michigan.

## PARTIES

3.      Plaintiffs, the Trustees of the Flint Area Sheet Metal Workers' Local 7-4 Pension Plan ("Pension Plan") are Trustees for an employee benefit plans, as defined by 29 U.S.C. §1002(3). Plaintiffs receives certain fringe benefit contributions from signatory employers for the purpose of providing retirement benefits to covered employees ("Participants").  The Pension Plan is an "employee pension benefit plan" within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2) and (3).  The Plan is a multiemployer pension plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).  The Plan is a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The Plan is administered by a joint Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations act of 1947 ("LMRA"), 29 U.S.C. § 186(c)(5). Plaintiff Trustees are fiduciaries of the Plan, as that term is defined in ERISA § 3(21), 29 U.S.C. § 1002(21). The Plan's Board of Trustees collectively is the Plan's plan sponsor within the meaning of ERISA §§ 3(16)(B)(iii) and 4001(a)(10), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). The Trustees administer the Plan at its principal place of business at 700 Tower Drive, Suite 300, Troy, MI 48098.

4.      Plaintiffs, the Trustees of the Flint Area Sheet Metal Workers' Local 7-4 Health Care Fund ("Health Plan") are trustees of an employee benefits plan, as defined by 29 U.S.C. §1002(3). Plaintiffs receives certain fringe benefit contributions from signatory employers for the purpose of providing health care coverage and other benefits to covered employees ("Participants"). The Health

Plan is an "employee pension benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1) and (3). The Plan is a multiemployer health and welfare plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Plan is administered by a joint Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations act of 1947 ("LMRA"), 29 U.S.C. § 186(c)(5). Plaintiff Trustees are fiduciaries of the Plan, as that term is defined in ERISA § 3(21), 29 U.S.C. § 1002(21). The Plan's Board of Trustees collectively is the Plan's plan sponsor within the meaning of ERISA §§ 3(16)(B)(iii) and 4001(a)(10), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). The Trustees administer the Plan at its principal place of business at 700 Tower Drive, Suite 300, Troy, MI 48098.

5. The Defendant, JLK Mechanical, LLC ("Defendant" or "JLK"), is a Michigan limited liability company with its principal address at 7466 Grove Street, Swartz Creek, Michigan 48473. At all material times herein Defendant was an employer as defined in 29 U.S.C. §152(2) and 29 U.S.C. §1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in 29 U.S.C. §§1002 (11) and (12).

## INTRODUCTION

### A. ERISA

6. ERISA is a statutory framework intended to protect the rights of participants in employee benefit plans. It creates a system of rules and regulations for the maintenance of employee benefit plans. Further, when the rules that govern the operation of employee benefit plans are not followed, ERISA provides a private right of action by which an aggrieved party can remedy ERISA violations.

### B. Multi-Employer Plans

7. Multi-employer benefit plans are operated for the benefit of union employees who work for numerous different employers. The plans are particularly popular within building trades. A union sheet metal worker, for instance, might work for numerous employers during the course of a single year. In order to help provide benefits for those workers, a multi-employer plan may be instituted and managed by a joint board of trustees with representatives from both employers and the union or unions. Employers fund the benefits by contributing to the multi-employer benefit funds. The required contribution is usually a set dollar figure for each hour worked by employees who perform covered work. Contractual agreements and statutory requirements determine the relevant practices and rates at which employers will contribute to the multi-employer plans that provide the benefits.

8. JLK is one of several employers who have decided to participate in and therefore benefit from involvement in the Pension Plan and Health Plan. JLK executed a collective bargaining agreement ("CBA") obligating JLK to make monthly contribution reports to the Plaintiff Plans and contribute to the Plans in order to provide fringe benefits to covered JLK employees. The Participation Agreement requires FSE to make contributions to the Plan to fund pension benefits. The Plaintiff Trustees are the plan sponsors and fiduciaries for the Plans, which provides benefits to union sheet metal workers and tradespersons who work in related fields. The Plans are financed entirely by contributions from employers who have contractually agreed to participate in the Plans, along with investment returns earned on those contributions. Contributions are the lifeblood of the Plans and ensure that benefit obligations are met.

## RELEVANT FACTS

9. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

10. In early 2016 JLK executed a collective bargaining agreement (CBA) obligating it to timely report hours worked on behalf of employees performing covered work under the CBA and to make timely payment to the Plaintiffs for all hours worked under the CBA (**Exhibit A**, Page 26-27).

11. Since executing a collective bargaining agreement pursuant to the tentative repayment agreement referenced above, Defendant has failed to make employer contributions and submit monthly contribution reports from August 2016 to the present.

12. Because Defendant has failed to submit the required monthly contribution reports, Plaintiffs are unable to accurately calculate the precise amount of liability owed by the Defendant.

13. As a result, Defendant is liable for delinquent contributions, liquidated damages, and interest for the period from August 2016 to the present, in amounts yet to be determined.

## STATEMENT OF CLAIMS

### COUNT I
(ERISA Section 515- Failure to Remit Contributions/Reports)

14. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

15. For all relevant times herein, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA") (**Exhibit A**).

16. The CBA incorporates the Funds' Trust Agreements (**Exhibit A,** Page 10.)

17. The Trust Agreements grant authority to the Plaintiffs to create the Collection Policy (**Exhibit B,** Page 10).

18. The CBA and the Collection Policy (**Exhibit C**) and Trust Agreements require Defendant to timely report hours worked and make timely payment to the Plaintiffs for each employee covered by the CBA (**Exhibit A**, Page 26-27) (**Exhibit C**, Page 1).

19. Defendant has failed to timely submit reports of hours worked and has failed to timely pay contributions from August 2016 through the present.

20. Despite repeated demands to do so, Defendant has failed and otherwise neglected to make payment and/or provide reports to the Plaintiffs.

21. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1332(a)(3).

## COUNT II
(LMRA Section 301 Breach of Contract)
(Failure to Remit Reports/ Contributions)

22. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

23. For all relevant times herein, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA") (**Exhibit A**).

24. The CBA incorporates the Funds' Trust Agreements (**Exhibit A**, Page 10).

25. The Trust Agreements grant authority to the Plaintiffs to create the Collection Policy (**Exhibit B,** Page 10).

26. The CBA (**Exhibit A**) and the Collection Policy (**Exhibit C**) require Defendant to timely report hours worked and make timely payment to the Plaintiffs for each employee covered by the CBA (**Exhibit A**, Page 26-27) (**Exhibit C**, Page 1).

27. Defendant has failed to timely submit reports of hours worked and has failed to timely pay contributions from August 2016 through the present.

28. Despite repeated demands to do so, Defendant has failed and otherwise neglected to make payment and/or provide reports to the Plaintiffs.

29. Defendant's actions are in breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
(ERISA Section 515- Failure to Pay Liquidated Damages)

30. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

31. For all relevant times herein, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA") (**Exhibit A**).

32. The CBA incorporates the Funds' Trust Agreements (**Exhibit A**, Page 10).

33. The Trust Agreements grant authority to the Plaintiffs to create the Collection Policy (**Exhibit B,** Page 10.)

34. The Collection Policy states that if full payment of contributions is not made by the 15th of the month following the month in which the work was performed, liquidated damages, interest, and penalties shall be assessed. (**Exhibit C**, Page 1-2).

35. From August 2016 through the present, Defendant has failed to timely pay contributions. As a result, Defendant has incurred liquidated damages and interest in amounts to be determined.

36. Despite repeated demand to do so, Defendant has failed and otherwise neglected to make payment to the Plaintiffs.

37. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

**COUNT IV**
(LMRA Section 301 – Breach of Contract)
(Failure to Pay Liquidated Damages)

38. Plaintiffs reallege each averment set forth as if fully rewritten herein.

39. For all relevant times herein, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA") (**Exhibit A**).

40. The CBA incorporates the Funds' Trust Agreements (**Exhibit A**, Page 10).

41. The Trust Agreements grant authority to the Plaintiffs to create the Collection Policy (**Exhibit B,** Page 10.)

42. The Collection Policy states that if full payment of contributions is not made by the 15th of the month following the month in which the work was performed, liquidated damages, interest, and penalties shall be assessed. (**Exhibit C**, Page 1-2).

43. From August 2016 through the present, Defendant has failed to timely pay contributions. As a result, Defendant has incurred liquidated damages and interest in amounts to be determined.

44. Despite repeated demand to do so, Defendant has failed and otherwise neglected to make payment to the Plaintiffs.

45. Defendant's actions are in breach of LMRA § 301, 29 U.S.C. § 185.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand the following relief:

A. Judgment on behalf of the Plaintiffs for delinquent and unpaid contributions owed by Defendant to the Plaintiffs for the period from August 2016 through the present, as determined by work reports or audit;

B. An Order for Defendant to submit all delinquent monthly reports, and Judgment in favor of Plaintiffs for the amounts found due and owing in these reports;

C. Should the Defendant fail to submit all delinquent monthly reports, Plaintiffs request an Order compelling Defendant to submit to a payroll audit covering the period from August 2016 to the present;

D. Pursuant to 29 U.S.C. § 1132(g)(2), and the policies and procedures of the Plaintiffs, that this Court render judgment on behalf of the Plaintiffs against Defendant for accumulated interest and liquidated damages on the late contributions from their respective due date for the months between August 2016 and the present;

E. A preliminary and permanent injunction against Defendant mandatorily requiring the Defendant to make all payments to the Plaintiffs and other named accounts in compliance with their contractual agreements;

F. That this Court retain jurisdiction over this cause pending compliance with all Orders;

G. An award of reasonable attorney fees incurred in connection with this action as provided for by the terms of the agreement and 29 U.S.C. §1132(g)(2)(D);

H. Any other legal or equitable relief which the Court deems just as provided for under 29 U.S.C. §1132 (g)(2)(E).

Respectfully Submitted,

**LEDBETTER PARISI LLC**

/s/ Jennie G. Arnold
Jennie G. Arnold (OH 84697)
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
(937) 619-0900
(937) 619-0999 (fax)
jarnold@fringebenefitlaw.com
*Counsel for Plaintiffs*